## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DONNA NESTER,<br>Plaintiff, | : <br> : <br> : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION<br><br>NO. 06-2871 |
| STATE TROOPER MARC ALLEN, *et al.*,<br>Defendants. | : <br> : <br> : <br> : | |

**Memorandum and Order**

YOHN, J.                                                                                      July ___, 2006

Presently before the court is plaintiff Donna Nester's Motion to Proceed *In Forma Pauperis* and complaint alleging invasion of privacy against State Troopers Marc Allen and Joe Derkits.  For the reasons that follow, her Motion to Proceed *In Forma Pauperis* will be granted, but her complaint will be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(I).

**I.      Factual and Procedural Background**

On February 27, 2004, Nester filed a complaint in civil action 2:04-0867 charging invasion of privacy and harassment against defendants "The Federal Police Officer from Pottstown & State Troopers."  The complaint alleged that her phone calls were being taped and that the police repeatedly subjected her to "#302s."[1]  On March 3, 2004, the court dismissed Nester's complaint as essentially indecipherable, but did so without prejudice to Nester's right to file an amended complaint.  The order specifically instructed Nester that if she chose to file an amended complaint, that complaint should contain a short and plain statement of the facts on which her claim was based and, if possible, the names of the defendants in the caption.

---

[1] A #302 appears to refer to an involuntary commitment in a mental health facility.

On March 22, 2004, Nester filed a Revised Complaint.  This time she identified the defendants as "The Federal Police Officer from Pottstown George Weaver + State Troopers Trooper Custard."  The factual allegations in the Revised Complaint were again largely incomprehensible.  On March 24, 2004, the court dismissed Nester's Revised Complaint with prejudice, ruling that while she did name specific defendants, she did "not identify in any way the factual events involving these defendants upon which [she] relie[d] for her claims."

On April 9, 2004, Nester filed a motion for the court to recuse itself from consideration of her action, which the court dismissed as moot.  Then, on June 21, 2006 – over two years after she filed her prior motion – Nester filed a Motion to Reopen, which the court denied because it did not contain any new information about the factual events predicating her claim or the names of the defendants in the action.

On June 30, 2006, Nester filed her Motion to Proceed *In Forma Pauperis* in this new action, to which she attached a new complaint.  In this complaint, she alleges that State Troopers Marc Allen and Joe Derkits have invaded her privacy and hear what is going on in her house.  The essence of her complaint is that "They also can hear my voice everybody when I talk because of what the State Troopers did to my voice!"

II.     **Discussion**

Courts in this circuit employ a two-step process in evaluating motions to proceed *in forma pauperis* under 28 U.S.C. § 1915.  *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990).  "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed *in forma pauperis* under § 1915(a).  Second, the court assesses the complaint under § 1915(e) to determine whether it is frivolous." *Id.*

A.      **Nester's Eligibility to Proceed *In Forma Pauperis***

As noted above, the court must first determine whether Nester is entitled to proceed *in forma pauperis*.  In her Statement in Support of Request to Proceed *In Forma Pauperis*, Nester states that she is presently unemployed, has only $7.00 in her savings account, and does not own any valuable assets beyond her $5,000 car.  Thus, it appears that Nester is unable to pay the costs of commencing this suit, and the court will grant leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).

B.      **Whether Nester's Claim is Frivolous**

By enacting the federal *in forma pauperis* statute, Congress intended to ensure that indigent citizens could gain access to the federal courts.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  At the same time, however, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Id.*  Consequently, 28 U.S.C. § 1915(e)(2)(B)(I) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous."

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke*, 490 U.S. at 325.  Thus, the "statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Id.* at 327.  Factual allegations are "clearly baseless" when they "describ[e] fantastic or delusional scenarios," *id.* at 328, are "fanciful," *id.* at 325, or "rise to the level of the irrational

or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  In *Denton*, the Supreme

Court declined "the invitation to reduce the 'clearly baseless' inquiry to a monolithic standard,"

because it was "confident that the district courts, who are 'all too familiar' with factually

frivolous claims, are in the best position to determine which cases fall into this category."

*Denton*, 504 U.S. at 33 (internal citation omitted).

Based on a careful evaluation of the complaint filed in this case, the court is left with the

firm conviction that the facts alleged rise well beyond unlikely to the level of fanciful, fantastic,

and wholly incredible.  Consequently, the court will dismiss the complaint without prejudice as

frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONNA NESTER,
Plaintiff,

    v.

STATE TROOPER MARC ALLEN, *et al.*,
Defendants.

:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION

NO. 06-2871

# Order

AND NOW on this _____ day of July 2006, upon consideration of plaintiff Donna Nester's Motion to Proceed *In Forma Pauperis* and complaint (Doc. No. 1), it is hereby ORDERED that:

1. Plaintiff's Motion to Proceed *In Forma Pauperis* is GRANTED; and,

2. Plaintiff's complaint is DISMISSED without prejudice to the right of the plaintiff to file an amended complaint within 30 days of the date hereof.

/s William H. Yohn Jr., Judge

_____
William H. Yohn Jr., Judge